1  ROBERT A. JONES, State Bar No. 107839
   robert.jones@ogletreedeakins.com
2  CAROLYN B. HALL, State Bar No. 212311
   carolyn.hall@ogletreedeakins.com
3  ERICA ROCUSH, State Bar No. 262354
   erica.rocush@ogletreedeakins.com
4  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
5  One Market Plaza
   San Francisco, CA  94105
6  Telephone:    415.442.4810
   Facsimile:    415.442.4870
7
   Attorneys for Defendants
8  PHILIPS ELECTRONICS NORTH AMERICA CORPORATION
   and PHILIPS LIGHTING ELECTRONICS COMPANY
9

FILED
CLERK, U.S. DISTRICT COURT
APR - 5 2013
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

10            IN THE UNITED STATES DISTRICT COURT

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12                     WESTERN DIVISION

CV13- 02427 JFW(SSx)

| | |
|---|---|
| 13  HUEY NGUYEN, behalf of himself and on behalf of a Class of all other persons similarly 14  situated, | Case No. |
| 15             Plaintiff, | **DEFENDANTS' NOTICE OF REMOVAL** |
| 16        v. | [Filed concurrently with Declaration of James Durchak, Declaration of Marjorie Danford] |
| 17  PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, an unknown business entity; 18  PHILIPS LIGHTING ELECTRONICS COMPANY, an unknown business entity, and 19  DOES 1 through 100, inclusive, | |
| 20             Defendants. | |

21

22

23

24

25

26

27

28

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF HUEY**

2  **NGUYEN AND HIS ATTORNEYS OF RECORD:**

3       PLEASE TAKE NOTICE THAT defendants Philips Electronics North America

4  Corporation ("PENAC") and Philips Lighting Electronics Company ("PLE") (collectively,

5  "Defendants"), by and through undersigned counsel, hereby remove this action to this Court

6  pursuant to 28 U.S.C. §§ 1441 and 1453.  In support of such removal, Defendants state as follows:

7       1.     Plaintiff Huey Nguyen filed this civil action in the Superior Court of Los Angeles

8  County, State of California, on or about March 1, 2013.  The Action was assigned Docket No.

9  BC502137.  Plaintiff served Defendants with the Complaint via personal service on March 7, 2013.

10  Copies of the Summons and Complaint and supporting papers are attached hereto as Exhibit A.

11  Defendants timely filed an Answer to the Complaint on April 3, 2013.  A copy of the Answer is

12  attached hereto as Exhibit B.  Defendants are unaware of there being any other documents on file

13  with the Los Angeles County Superior Court in this action. This Notice of Removal is timely filed

14  within 30 days of service of the Complaint upon Defendants.

15       2.     The action was pending in the Los Angeles County Superior Court, which court is

16  in the territory of United States District Court for the Central District of California, Western

17  Division.

18       3.     Under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), federal

19  district courts have original jurisdiction over a class action if (1) it involves 100 or more putative

20  class members, (2) any class member is a citizen of a state different from any defendant, and (3)

21  the aggregated controversy exceeds $5 million. 28 U.S.C. §§ 1332(d)(2) and (d)(6).  This action is

22  one over which this Court has original jurisdiction under 28 U.S.C. §1332 and is one which may be

23  removed by Defendants pursuant to 28 U.S.C. §§ 1441 and 1453, because (1) the number of

24  putative class members in the plaintiff class exceeds 100, (2) the amount in controversy exceeds $5

25  million, and (3) there exists minimal diversity between the plaintiffs and defendants.  28 U.S.C.

26  § 1332(d)(2), (6).

27       4.     <u>The putative class consists of more than 100 members</u>.  Plaintiff seeks to bring this

28  action on behalf of "[a]ll persons who are employed or have been employed by Defendant in the

State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees." (Complaint at ¶ 29).  Defendant PENAC's records indicate that approximately 314 individuals were employed as non-exempt employees in California by PENAC in its Philips LTI operating division, the division of PENAC for which Plaintiff worked, from March 2009 to the present, who are potentially members of the putative class.  (Declaration of Marjorie Danford filed concurrently herewith ("Danford Decl.") ¶ 3).  Therefore, this action is a class action pursuant to 28 U.S.C. § 1332(d).

5. <u>Minimal diversity exists between the parties</u>.  The named plaintiff is alleged to be a citizen of California.  Members of the putative class, who are or were employed in California, are presumed to be primarily citizens of the State of California.  Defendant PENAC was, at the time of the filing of this action, and still is, a corporation formed under the laws of the State of Delaware. Its principal place of business was, at the time of the filing of this action, and still is, in the State of Massachusetts. (Declaration of James Durchak filed concurrently herewith ("Durchak Decl.") ¶ 3). Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." PENAC's principal place of business and of current operations is located in the state of Massachusetts because its headquarters, and its executive and senior management personnel, as well as its primary management operations, are located in Massachusetts. (Durchak Decl. ¶ 3). *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir. 1990) (providing that where a corporation does business in a number of states and does not conduct the substantial predominance of its business in any single one, the state where corporate headquarters is located is the corporation's principal place of business); *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010) (in determining the principal place of business of a corporation for purposes of diversity jurisdiction, the "'principal place of business' [as contained in § 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."). Accordingly, PENAC is not a citizen of the State of California.  Because Plaintiff is a resident of California and PENAC is not, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

6.      The addition of defendant PLE does not provide any basis for the Court to decline jurisdiction over this action.  Under 28 U.S.C. § 1332(d)(4)(B), even if the minimal diversity requirements of CAFA are met, a Court shall decline jurisdiction if greater than two-thirds of the class members and the primary defendant are both citizens of the state in which the original action was filed.  Here, PLE is not a primary defendant, a defendant from whom significant relief is sought, or a defendant whose conduct forms a significant basis for the claims asserted by the Plaintiff. 28 U.S.C. § 1332(d)(4).  Rather, PENAC is the primary, and indeed only potentially viable, defendant.  PENAC is the entity, and the sole entity, that employed Plaintiff and the putative class members at relevant times, through its operating division Philips LTI.  (Danford Decl. ¶ 3).  Defendant PLE does not, and has not, at any relevant time, employed Plaintiff or any putative class member.  (Durchak Decl. ¶ 4).  Rather, PLE is a wholly-owned subsidiary of PENAC that has reported no sales activity since 1997 and has not maintained employees on payroll since 1997.  (Durchak Decl. ¶ 4).  Therefore, PLE cannot be a defendant from whom Plaintiff or the putative class members can seek "significant relief" or whose conduct "form[s] a significant basis for the claims asserted" by the class.  28 U.S.C. § 1332(d)(4).  As PENAC is not a citizen of California, and is the only legitimate, and therefore primary, defendant, § 1332(d)(4)(B)'s exception does not apply.  *See, e.g., Kearns v. Ford Motor Co.*, No. CV 05-5644 GAF (JTLX), 2005 WL 3967998, at *8 (C.D. Cal. Nov. 21, 2005) (refusing to apply exception where Ford was a primary defendants and was not a citizen of California).

7.      As both Plaintiff and the putative class members were only ever employed by PENAC, and not PLE, PLE's conduct or lack thereof could not form any basis, let alone a significant basis, for the classes' claims.  Because PENAC is the only proper defendant from whom Plaintiff or the putative class members could seek relief or whose conduct allegedly forms a significant basis for the claims asserted by the class, the minimal diversity of citizenship requirements under 28 U.S.C. § 1332(d)(2) are met.

8.      The amount in controversy for all putative class members exceeds $5 million.  In his Complaint, Plaintiff does not allege any specific amount in controversy.  This failure of the Complaint to clearly specify the total amount of monetary relief sought by Plaintiff does not

1    deprive this Court of jurisdiction, however. *White v. J.C. Penny Life Ins. Co.*, 861 F.Supp. 25, 26

2    (S.D. W.Va.1994) (defendant may remove suit to federal court notwithstanding the failure of

3    Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff

4    could avoid removal simply by declining . . . to place a specific dollar claim upon its claim.").

5    Rather, in order for this case to come under CAFA jurisdiction, Defendants simply need to

6    establish by a preponderance of the evidence that Plaintiff's claims exceed the jurisdictional

7    minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State*

8    *Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Guglielmino v. McKee Foods*

9    *Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (in CAFA removal actions, where the amount in

10    controversy is unclear from the face of the complaint, defendant must produce underlying facts

11    showing that it is more likely than not that the amount in controversy exceeds $5 million).

12         9.       While Defendants deny the validity of Plaintiff's claims and requests for relief, the

13    facial allegations in the Complaint and the *alleged damages* of Plaintiff exceed the jurisdictional

14    minimum. *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (finding that facts

15    presented in notice of removal, combined with plaintiff's allegations, were sufficient to support

16    finding of jurisdiction); *DeAguillar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (stating that

17    "defendant can show by a preponderance of the evidence that the amount in controversy is greater

18    than the jurisdictional amount"); *accord Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992);

19    *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (facially apparent from the lengthy list

20    of damages, combined with a claim for attorney's fees, that plaintiff's claim exceeded the

21    jurisdictional threshold).

22         10.      In determining the amount in controversy for CAFA, all potential damages based on

23    the claims in the complaint, as well as attorney's fees, are included. *Guglielmino*, 506 F.3d at 701

24    (unspecified attorney's fees are appropriately counted toward the amount in controversy in CAFA

25    removal actions); *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, *3 (E.D. Cal., May 1,

26    2007) (slip copy) ("In measuring the amount in controversy, a court must assume that the

27    allegations of the complaint are true and that a jury will return a verdict for the plaintiffs on all

28    claims made in the complaint.").

14563026_2.doc                     4                     Case No.

11.     Plaintiff's Complaint asserts causes of action against Defendants for alleged violations of California Labor Code §§ 201, 202, 203, 218, 218.6, 226, 226.7, 511, 512, 1194, 1199, 2698, and 2699,[1] and California Business and Professions Code § 17200. (Complaint, generally). Plaintiff seeks compensatory damages, statutory premium pay for missed meal and rest periods, waiting time wages and penalties, statutory penalties, treble damages, and attorneys' fees on behalf of himself and the putative class members for the alleged violations of the foregoing statutes. (Complaint ¶ 3, Prayer for Relief).

12.     PENAC currently employs 215 employees in its Philips LTI operating division, where Plaintiff worked, and has employed approximately that same number of employees consistently through the last year. (Danford Decl. ¶ 4). The average hourly wage rate for these employees is $13.47 per hour. (Danford Decl. ¶7). The average hourly wage rate for the putative class members employed over the past three years is $13.24 per hour. (Danford Decl. ¶ 6). All of PENAC's non-exempt employees working in the Philips LTI operating division are paid bi-weekly, 26 times per year. (Danford Decl. ¶ 5).

13.     Based *only* on the premium pay and penalties sought for Plaintiff's claims related to allegedly missed meal and rest periods, the associated potential amount in controversy, as alleged and claimed by Plaintiff, is as follows:

14.     In support of his Third Cause of Action, Plaintiff alleges that Defendants failed to provide first and second uninterrupted meal periods of not less than thirty minutes to Plaintiff and the plaintiff classes, that Plaintiff and the plaintiff classes were not relieved of all duties during the meal periods that they did take, and that Defendants, through their production schedules and policies, had a consistent policy of pressuring Plaintiff and the plaintiff classes to work during their meal periods, forego their meal periods, and/or return to work from meal periods prior to thirty (30) uninterrupted minutes. (Complaint ¶¶ 2(c), 14, 70-71, 75). Plaintiff also alleges that neither he nor other class members ever received a meal break premium for a missed, shortened, or late meal

---

[1] Defendants assume for purposes of this removal that Plaintiff intended to refer to Labor Code §§510 and 1198 rather than §§511 and 1199, as Plaintiff does not make any substantive allegations or arguments relating to either §511 or §1199.

1    period.  (Complaint ¶¶ 2(c), 15, 18).

2           Assuming that each putative class member missed or had a short meal period only one time

3    per pay period (every two weeks), based on the putative class size and an average hourly wage rate

4    of the putative class members of $13.24 per hour, the amount in controversy for the meal period

5    premiums for this claim is **222,034.80**.  This is calculated at $13.24 per hour x 26 violations per

6    year (one per pay period) x 3 years x 215 employees.

7           15.    In support of his Fourth Cause of Action, Plaintiff alleges that Defendants have had

8    a consistent policy of failing to provide Class Members within the State of California, including

9    Plaintiff, rest periods of at least (10) minutes per 3.5 hours worked and actually prevented rest

10   periods.  (Complaint ¶¶ 2(d), 84). Plaintiff also alleges that neither he nor other Class Members

11   ever received a rest break premium for a missed, shortened, or late rest period.  (Complaint ¶¶ 2(d),

12   19).

13          Assuming that each putative class member missed or had a short rest period only one time

14   per pay period (every two weeks), based on the putative class size and an average hourly wage rate

15   of the putative class members of $13.24 per hour, the amount in controversy for the rest period

16   premiums for this claim is **222,034.80**.  This is calculated at $13.24 per hour x 26 violations per

17   year (one per pay period) x 3 years x 215 employees.

18          16.    Plaintiff also seeks to recover statutory penalties pursuant to Labor Code § 226.7 for

19   both his Third and Fourth Causes of Action.  (Complaint ¶¶ 76, 88).  The amount in controversy

20   for these claims would be **2,193,000.00**, as follows:

21          Penalties under §226.7 for missed/short meal periods: **$1,096,500.00** (calculated as $100 for

22   one pay period and $200 for 25 pay periods, for 215 putative class members).

23          Penalties under §226.7 for missed/short rest periods:   **$1,096,500.00** (calculated as $100 for

24   one pay period and $200 for 25 pay periods, for 215 putative class members).

25          17.    Plaintiff also seeks penalties under Labor Code § 512 for the allegedly missed

26   and/or short meal and/or rest periods.  The amount in controversy for this claim would be

27   **$1,096,500.00** (calculated as $100 for one pay period and $200 for 25 pay periods, for 215 putative

28   class members).

1    18.    In his Fifth Cause of Action, Plaintiff alleges that Defendants failed to furnish

2  proper itemized wage statements in violation of Cal. Labor Code § 226, as Defendants failed to

3  furnish itemized statements accurately showing meal periods taken, total hours worked, and the

4  applicable hourly rates in effect during each pay period and the corresponding hours worked at

5  each hourly rate, and that Defendants failed to maintain accurate records of Class Members' earned

6  wages and work periods. (Complaint ¶¶ 2(f), 90). Plaintiff alleges that he and the plaintiff classes

7  have suffered injury due to Defendants' alleged failure to provide accurate itemized wage

8  statements. (Complaint ¶ 91).  Plaintiff alleges that he and the Class Members are entitled to

9  penalties for each employee pursuant to Labor Code § 226(b) because of Defendants' failure to

10  provide wage statements accurately reporting total hours worked for Plaintiff and the Class

11  Members. (Complaint ¶ 27).

12    Based on the allegations in the Complaint, and the penalties sought the amount in

13  controversy for this claim would be **$1,644,750.00**.  This amount in controversy is calculated as

14  follows:

15    Penalties under §226(a):  **$1,096,500.00** (calculated as $100 for one pay period and $200

16  for 25 pay periods, for 215 putative class members).

17    Penalties under §226(e):  **$548,250.00** (calculated at $50 for one pay period and $100 for 25

18  pay periods, for 215 putative class members).

19    19.    In his Sixth Cause of Action, Plaintiff claims that Defendants violated Labor Code §

20  204 by failing to pay wages due under the Labor Code, failing to provide meal periods or rest

21  periods. (Complaint ¶¶ 94-95).  Plaintiff seeks recovery of allegedly unpaid wages and penalties

22  for this claim. (Complaint ¶ 96).  The penalties only for this violation provided by Labor Code

23  §210 would be **$1,096,500.00** (calculated as $100 for one pay period and $200 for 25 pay periods,

24  for 215 putative class members).

25    20.    Based on the allegations in the Complaint; the damages, penalties and fees sought

26  by Plaintiff; and the number of putative class members, as explained in detail below,  the amount in

27  controversy is significantly greater than **$6,474,819.60**, which satisfies CAFA's jurisdictional

28  prerequisite.

---

14563026_2.doc                                    7                               Case No.

21.     Notably, the foregoing merely calculates the amount in controversy associated with Plaintiff's meal and rest period claims, and their associated penalties. Although such claims would add significantly to the amount in controversy, the amount in controversy calculated above does not include any amount for the Plaintiff's primary substantive claims of unpaid work hours (as alleged in the First Cause of Action), unpaid/underpaid overtime hours (as alleged in the First and Second Causes of Action), or any penalties associated with those claims. The foregoing amount in controversy also does not include any amount for waiting time penalties under Labor Code §203 (as alleged in the Eighth Cause of Action), which would also add substantially to the amount in controversy. The amount in controversy also excludes any penalties or damages for Plaintiff's claim that the putative class members were not paid for all hours worked in violation of Labor Code § 1194 (as alleged in Plaintiff's Seventh Cause of Action). All of the damages and penalties associated with these claims, which have not been included in Defendants' estimation of the amount in controversy, would clearly add significantly to the amount in controversy.

22.     Plaintiffs seek to recover attorney's fees for each of the causes of action and bases for recovery contained in the Complaint. (Complaint, Prayer for Relief). A realistic estimate of Plaintiff's attorneys' fees is 25% of the total recovery. *See Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504 at *4, fn8 (noting that "in California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be in the realm of 25% to 30% of the settlement"). Because the amount in controversy for Plaintiff's claims above (which does not represent even remotely all of Plaintiff's possible claimed recovery) is approximately **$6,474,819.60**, as detailed above, Plaintiff's attorneys' fees must be estimated as approximately **$1,618,704.90**. It is well established that in determining whether a complaint meets the amount in controversy requirement, the Court should consider attorneys' fees. *Bell v. Preferred Life*, 320 U.S. 238 (1943); *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amounts); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 at 701 (holding that attorney's fees must be included in determining the amount in controversy in CAFA removal actions); *Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706 at *2 (finding that, even if a more conservative estimate of compensatory

1  damages totaling less than $5,000,000.00 was appropriate, the addition of alleged attorney's fees

2  should be included in determining the amount in controversy).

3       23.    The total amount in controversy, based on the limited claims listed above, is

4  **$8,093,524.50**. Although Defendants specifically deny Plaintiff's claims and deny that Plaintiff

5  will recover any of the relief he seeks, it is clear from the scope of the relief sought that the amount

6  in controversy arising from the relief Plaintiff seeks exceeds the $5,000,000.00 jurisdictional

7  threshold of 28 U.S.C. § 1332(d).

8       24.    As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will

9  be filed with the Superior Court for the County of Los Angeles.  A true and correct copy of the

10  Notice of Removal, to be filed in Los Angeles County Superior Court, without the exhibits, is

11  attached hereto as Exhibit C.

12

13  DATED:  April 4, 2013                OGLETREE, DEAKINS, NASH, SMOAK &
14                                  STEWART, P.C.

15

16                                  By:
17                                    Robert A. Jones
18                                    Carolyn B. Hall
                                  Erica Rocush

19                                  Attorneys for Defendants
                                PHILIPS ELECTRONICS NORTH AMERICA
20                                  COMPANY and PHILIPS LIGHTING
                                ELECTRONICS COMPANY

21                                                  14563026.2

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL

Exhibit A



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

**LDD / ALL**
**Transmittal Number: 10920996**
**Date Processed: 03/07/2013**

| Primary Contact: | Barbara Bickford<br>Philips Electronics North America Corporation<br>3000 Minuteman Road<br>Andover, MA 01810 |
|---|---|

| | |
|---|---|
| Entity: | Philips Electronics North America Corporation<br>Entity ID Number  1920741 |
| Entity Served: | Philips Electronics North America Corporation |
| Title of Action: | Huey Nguyen vs. Philips Electronics North America Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | Los Angeles County Superior Court, California |
| Case/Reference No: | BC502137 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 03/07/2013 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Richard E. Quintilone<br>949-458-9675 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

Business Search - Business Entities - Business Programs                                    Page 1 of 1



Secretary of State      Administration    Elections    Business Programs    Political Reform    Archives    Registries

**Business Entities (BE)**

Online Services
- E-File Statements of Information for Corporations
- Business Search
- Processing Times
- Disclosure Search

Main Page

Service Options

Name Availability

Forms, Samples & Fees

Statements of Information (annual/biennial reports)

Filing Tips

Information Requests (certificates, copies & status reports)

Service of Process

FAQs

Contact Information

Resources
- Business Resources
- Tax Information
- Starting A Business

Customer Alerts
- Business Identity Theft
- Misleading Business Solicitations

## Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Tuesday, February 26, 2013. Please refer to Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| Entity Name: | PHILIPS ELECTRONICS NORTH AMERICA CORPORATION |
|---|---|
| Entity Number: | C1950125 |
| Date Filed: | 10/05/1995 |
| Status: | ACTIVE |
| Jurisdiction: | DELAWARE |
| Entity Address: | 3000 MINUTEMAN RD |
| Entity City, State, Zip: | ANDOVER MA 01810 |
| Agent for Service of Process: | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE |
| Agent Address: | 2710 GATEWAY OAKS DR STE 150N |
| Agent City, State, Zip: | SACRAMENTO CA 95833 |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

Modify Search    New Search    Printer Friendly    Back to Search Results

Privacy Statement | Free Document Readers
Copyright © 2013   California Secretary of State

SUM-100

# SUMMONS
## *(CITATION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, an
unknown business entity; PHILIPS LIGHTING ELECTRONICS COMPANY,
an unknown business entity, and DOES 1 through 100, inclusive,
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HUEY NGUYEN, behalf of himself and on behalf of a Class of all other
persons similarly situated

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIF.
COUNTY OF L.A.

MAR 1 - 2013

John A. Clarke, Executive Officer/Clerk
BY _____ , Deputy
Mary Flores

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse, Superior Court of California, County of Los<br>Angeles, Central District, 111 North Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>BC 0 0 2 1 3 7 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard Quintilone (SBN 200995) Quintilone & Associates     Telephone No.: 949.458.9675
22974 El Toro Road, Lake Forest, CA 92630 Email req@quintlaw.com     Fax No.: 949.458.9679

DATE: MAR 1 - 2013     Clerk, by ____ JOHN A. CLARKE ____ , Deputy
*(Fecha)*     *(Secretario)*    Mary Flores   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)      [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*



CORPORATION SERVICE COMPANY®

## Notice of Service of Process

null / ALL
**Transmittal Number: 10920720**
**Date Processed: 03/07/2013**

| Primary Contact: | Barbara Bickford<br>Philips Electronics North America Corporation<br>3000 Minuteman Road<br>Andover, MA 01810 |
|---|---|

| | |
|---|---|
| Entity: | Philips Lighting Electronics Company<br>Entity ID Number  1920769 |
| Entity Served: | Philips Lighting Electronics Company |
| Title of Action: | Huey Nguyen vs. Philips Electronics North America Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | Los Angeles County Superior Court, California |
| Case/Reference No: | BC502137 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 03/07/2013 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Richard E. Quintilone II<br>949-458-9675 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

Business Search - Business Entities - Business Programs                                    Page 1 of 1



California Secretary of State Debra Bowen

| Secretary of State | Administration | Elections | Business Programs | Political Reform | Archives | Registries |

**Business Entities (BE)**

Online Services
- E-File Statements of
  Information for
  Corporations
- Business Search
- Processing Times
- Disclosure Search

Main Page

Service Options

Name Availability

Forms, Samples & Fees

Statements of Information
(annual/biennial reports)

Filing Tips

Information Requests
(certificates, copies &
status reports)

Service of Process

FAQs

Contact Information

Resources
- Business Resources
- Tax Information
- Starting A Business

Customer Alerts
- Business Identity Theft
- Misleading Business
  Solicitations

## Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Tuesday, February 26, 2013. Please refer to Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | PHILIPS LIGHTING ELECTRONICS COMPANY |
| Entity Number: | C1014718 |
| Date Filed: | 01/15/1981 |
| Status: | ACTIVE |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | 3000 MINUTEMAN RD |
| Entity City, State, Zip: | ANDOVER MA 01810 |
| Agent for Service of Process: | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE |
| Agent Address: | 2710 GATEWAY OAKS DR STE 150N |
| Agent City, State, Zip: | SACRAMENTO CA 95833 |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically
  revoked. Please refer to California Corporations Code section 2114 for information relating to
  service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a
  more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status
  Definitions.

Modify Search   New Search   Printer Friendly   Back to Search Results

Privacy Statement | Free Document Readers
Copyright © 2013   California Secretary of State

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, an<br>unknown business entity; PHILIPS LIGHTING ELECTRONICS COMPANY,<br>an unknown business entity, and DOES 1 through 100, inclusive,<br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>HUEY NGUYEN, behalf of himself and on behalf of a Class of all other<br>persons similarly situated | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIF.<br>COUNTY OF LA<br><br>MAR 1 - 2013<br><br>John A. Clarke, Executive Officer<br>BY _____ Deputy<br>Mary Flores |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse, Superior Court of California, County of Los<br>Angeles, Central District, 111 North Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>BC502137 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Richard Quintilone (SBN 200995) Quintilone & Associates
22974 El Toro Road, Lake Forest, CA 92630 Email req@quintlaw.com

Telephone No.: 949.458.9675
Fax No.: 949.458.9679

| | | |
|---|---|---|
| DATE: MAR 1 - 2013<br>*(Fecha)* | Clerk, by JOHN A. CLARKE *(Secretario)* Mary Flores | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Richard E. Quintilone, Esq. (SBN 200995)<br>Quintilone & Associates<br>22974 El Toro Road, Suite 100<br>Lake Forest, CA 92630<br>TELEPHONE NO.: (949) 458-9675   FAX NO.: (949) 458-9679<br>ATTORNEY FOR (Name): Plaintiff, Huey Nguyen | CONFORMED CO<br>ORIGINAL FILE<br>SUPERIOR COURT OF CA<br>COUNTY OF L<br><br>MAR 1 – 2013<br><br>John A. Clarke, Executive O<br>BY _____<br>Mary Flores |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90017
BRANCH NAME: Stanley Mosk Courthouse, Central District

CASE NAME:
Nguyen v. Philips Electronic, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount          (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC502137<br><br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action (specify): 10
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 1 2013

Richard E. Quintilone II, Esq
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

| SHORT TITLE: Nguyen v. Philips Electronic, et al. | CASE NUMBER | BC 5 0 2 1 3 7 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES · TIME ESTIMATED FOR TRIAL 14 ☐ HOURS/☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

BY FAX

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Lee Smalley Edmon | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Anthony J. Mohr | 309 | 1409 |
| Judge William F. Highberger | 307 | 1402 |

BC 502137

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

1   RICHARD E. QUINTILONE II (SBN 200995)
    QUINTILONE & ASSOCIATES
2   22974 EL TORO ROAD SUITE 100
    LAKE FOREST, CA 92630-4961
3   TELEPHONE NO. (949) 458-9675
    FACSIMILE NO. (949) 458-9679
4   E-MAIL: REQ@QUINTLAW.COM

5   JOHN D. TRIEU (SBN 189198)
    LAW OFFICES OF JOHN D. TRIEU, APC
6   9211 BOLSA AVE., SUITE 222
    WESTMINSTER, CA 92683
7   TELEPHONE NO.: 714.892.2154
    FACSIMILE NO.: 714.893.6710
8   E-MAIL: JOHN@TRIEULAW.COM

9   Attorneys for Plaintiff, HUEY NGUYEN on behalf of himself and on behalf of a Class of all other
    persons similarly situated

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIF.
COUNTY OF L.A.

MAR 1 – 2013

John A. Clarke, Executive Off...
BY _____
        Mary Flores

10              SUPERIOR COURT OF CALIFORNIA

11          COUNTY OF LOS ANGELES, CENTRAL DISTRICT

12

13   HUEY NGUYEN, behalf of himself and on        Case No.:
     behalf of a Class of all other persons similarly
14   situated                                     CLASS ACTION        BC502137

15          Plaintiff,                            Assigned For All Purposes To:

16   vs.                                          Judge:
                                                  Dept.:              BY FAX
17
     PHILIPS ELECTRONICS NORTH AMERICA
18   CORPORATION, an unknown business entity;     CLASS ACTION COMPLAINT FOR:
     PHILIPS LIGHTING ELECTRONICS
19   COMPANY, an unknown business entity, and     1.  FAILURE TO PAY OVERTIME;
     DOES 1 through 100, inclusive,               2.  FAILURE TO PAY ALL WAGES DUE;
20                                                3.  FAILURE TO PROVIDE MEAL PERIODS;
                                                  4.  FAILURE TO PROVIDE REST PERIODS;
21          Defendants.                           5.  FAILURE TO PROVIDE PROPER
                                                      ITEMIZED STATEMENTS;
22                                                6.  FAILURE TO PAY WAGES TWICE
                                                      MONTHLY;
23                                                7.  FAILURE TO PAY WAGES FOR HOURS
                                                      WORKED;
24                                                8.  FAILURE TO PAY WAGES UPON
                                                      TERMINATION OF EMPLOYMENT;
25                                                9.  UNLAWFUL COMPETITION AND
                                                      UNLAWFUL BUSINESS PRACTICES;
26                                                10. VIOLATION OF THE PRIVATE
                                                      ATTORNEYS GENERAL ACT OF 2004
27
                                                  DEMAND FOR JURY TRIAL
28

-1-

CLASS ACTION COMPLAINT

All allegations in this Complaint are based upon information and belief except for those allegations, which pertain to the PLAINTIFF named herein and PLAINTIFF'S counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## 1.   INTRODUCTION

1.    This is a class action, pursuant to California Code of Civil Procedure section 382, on behalf of Plaintiff and all non-exempt employees employed by, or formerly employed by, PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, an unknown business entity, and PHILIPS LIGHTING ELECTRONICS COMPANY, an unknown business entity, and DOES 1 thorough 100 ("Defendants"), within the State of California. The non-exempt employees employed by, or formerly employed by, Defendants within the State of California are hereinafter referred to individually as "Class Members" and collectively as the "Class" or "Classes."

2.    For at least four years prior to the filing of this action and through to the present, Defendant consistently maintained and enforced against Defendant's non-exempt employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:

    (a)    DEFENDANTS have had a consistent policy of requiring employees to work more than eight (8) hours in any given day and/or more than forty (40) hours in any given week, and not pay overtime compensation pursuant to applicable California Labor Code requirements;

    (b)    DEFENDANTS have had a consistent policy of rounding work hours that benefited defendant while resulted in underpayment of wages to including overtime pay to employees over a period of time;

    (c)    DEFENDANTS have had a consistent policy of requiring Class Members within the State of California, including Plaintiff, to work at least five (5) hours without a lawful meal period or adding a meal period punch where none existed and failing to pay such employees one (1) hour of pay at the

-2-

1    employees' regular rate of compensation for each workday that the meal period

2    is not provided, as required by California state wage and hour laws.

3        (d)    DEFENDANTS have had a consistent policy of failing to provide Class

4    Members within the State of California, including Plaintiff, rest periods of at

5    least (10) minutes per 3.5 hours worked and failing to pay such employees one

6    (1) hour of pay at the employees regular rate of compensation for each

7    workday that the rest period is not provided, as required by California state

8    wage and hour laws.

9        (e)    With respect to Class Members who either were discharged, laid off, or

10   resigned, DEFENDANTS failed to pay them in accordance with the

11   requirements of Labor Code sections 201, 202, 203; and

12       (f)    Defendant failed to maintain accurate records of Class Members' earned wages

13   and work periods.

14       3.    Plaintiff, on behalf of himself and all other Class Members, brings this action pursuant

15   to California Labor Code sections 201, 202, 203, 218, 218.6, 226, 226.7, 511, 512, 1194, 1199, 2698,

16   2699 and California Code of Regulations, Title 8, section 11000 *et seq.*, seeking unpaid meal and rest

17   period compensation, penalties, injunctive, and other equitable relief, and reasonable attorneys' fees

18   and costs.

19       4.    Plaintiff, on behalf of himself and all Class Members, pursuant to Business and

20   Professions Code sections 17200-17208, also seeks injunctive relief and restitution for the unfair,

21   unlawful, or fraudulent practices alleged in this Complaint.

22   **2.   PARTIES**

23       5.    PLAINTIFF HUEY NGUYEN is a resident and citizen of California.   At relevant

24   times herein, he was employed by Defendant as a non-exempt employee.

25       6.    PHILIPS ELECTRONICS NORTH AMERICA CORPORATION ("PENNAC") and

26   PHILIPS LIGHTING ELECTRONICS COMPANY ("PLEC") (collectively referred to as

27   "DEFENDANTS") are unknown business entities conducting business within the State of California.

28   DEFENDANTS are the leading producer of Digital Xenon Cinemas lamps used for cinema projectors

-3-

CLASS ACTION COMPLAINT

1   in major movie theatre chains. Each lamp is sold for about $1,000 each. DEFENDANTS own and

2   operate a manufacturing plant located **13700 Live Oak Ave., Baldwin Park, California, 91706, Los**

3   **Angeles County**.

4        7.      The true names and capacities, whether individual, corporate, associate, or otherwise,

5   of DEFENDANTS sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiff, who

6   therefore sues DEFENDANTS by such fictitious names under California Code of Civil Procedure

7   § 474.    PLAINTIFF is informed and believes, and based thereon alleges, that each of the

8   DEFENDANTS designated herein as a DOE is legally responsible in some manner for the unlawful

9   acts referred to herein.  PLAINTIFF will seek leave of court to amend this Complaint to reflect the

10  true names and capacities of the DEFENDANTS designated hereinafter as DOES when such

11  identities become known.

12       8.      PLAINTIFF is informed and believes, and based thereon alleges, that each

13  DEFENDANTS acted in all respects pertinent to this action as the agent of the other DEFENDANTS,

14  carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each

15  defendant are legally attributable to the other DEFENDANTS. Furthermore, DEFENDANTS in all

16  respects acted as the employer and/or joint employer of Plaintiff and the Class Members.

17       9.      Venue as to each DEFENDANT is proper in this judicial district, pursuant to

18  California Code of Civil Procedure § 395. On information and belief, DEFENDANTS operate and

19  are doing business in Los Angeles County, and each DEFENDANT is within the jurisdiction of this

20  Court for service of process purposes.  The unlawful acts alleged herein have a direct effect on

21  PLAINTIFF and those similarly situated within the State of California.  DEFENDANTS employ

22  numerous Class Members in its Los Angeles County location.

23  **3.    FACTUAL BACKGROUND**

24       10.     PLAINTIFF and the Class Members are, and at all times pertinent hereto have been,

25  non-exempt employees within the meaning of the California Labor Code and the implementing rules

26  and regulations of IWC California Wage Orders. DEFENDANTS hire hourly employees who work in

27  non-exempt positions in the State of California.

28

-4-

CLASS ACTION COMPLAINT

11.     Upon information and belief, DEFENDANTS maintain a manufacturing facility that operates 24 hours a day with three work shifts of 6:00 a.m. – 2:30 p.m., 2:00 p.m. – 10:30 p.m., and 10:00 p.m. – 6:30 a.m.

12.     PLAINTIFF and the DEFENDANTS' non-exempt employees were not properly paid for all wages earned when working more than eight (8) hours in any given day and/or more than forty (40) hours in any given week due to the DEFENDANTS unwritten policy of only paying eight (8) hours of work per day.

13.     PLAINTIFF and other Class Members who worked certain second and third shift hours received a shift differential of .50 cents or .75 cents for each hour of work which, upon information and belief, was not calculated into PLAINTIFF'S or Class Members' regular rate of pay for purposes of calculating overtime compensation.

14.     Upon information and belief, during the relevant time frame, DEFENDANTS maintained and enforced a production schedule and policies that requires the production of a certain amount of lamps for each work shift and therefore, defendants' production demands often required PLAINTIFFS and Class Members to interrupt or shorten their lawful meal periods of thirty (30) uninterrupted minutes relieved of all duty.

15.     PLAINTIFF and other Class members never received a second meal period when they worked a shift that last longer than ten (10) hours, and they in fact did not know they were entitled to an additional meal break or one hour of pay since DEFENDANTS never informed them of this law.

16.     Neither PLAINTIFF nor other Class Members ever signed a meal break waiver form.

17.     DEFENDANTS failed to record meal periods as required by the Labor Code and Wage Orders.

18.     Neither PLAINTIFF nor other Class Members ever received a meal break premium for a missed, shortened or late meal period.

19.     Neither PLAINTIFF nor other Class Members ever received a rest break premium for a missed, shortened or late rest period.

-5-

20.     PLAINTIFF and the DEFENDANTS' non-exempt employees were not provided lawful meal periods, and were not provided with one hour's wages in lieu thereof, in one or more of the following manners:

    (a)     employees were not provided full thirty-minute duty free meal periods for work days in excess of five hours and were not compensated one hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order(s);

    (b)     employees were required to work through at least part of their daily meal period(s); and

    (c)     employees were restricted in their ability to take a full thirty-minute meal period.

21.     PLAINTIFF and the DEFENDANTS' non-exempt employees were not provided lawful rest periods, and were not provided with one hour's wages in lieu thereof, in one or more of the following manners:

    (d)     employees were required to work without being provided a minimum ten minute rest period for every 3.5 hours worked and were not compensated one hour of pay at their regular rate of compensation for each workday that a rest period was not provided; and

    (e)     employees were restricted in their ability to take their full ten minutes net rest time.

22.     As a result of these illegal policies and practices, DEFENDANTS engaged in and enforced the following additional unlawful practices and policies against PLAINTIFF and the Class Members he seeks to represent:

    (f)     failing to pay Class Members who either were discharged, laid off, or resigned in accordance with the requirements of Labor Code §§ 201, 202, 203; and

    (g)     failing to maintain accurate records of Class Members' earned wages and work periods in violation of Labor Code §§ 226 and 1174(d) and Section 7 of the applicable IWC Wage Orders.

CLASS ACTION COMPLAINT

23.     DEFENDANTS' non-exempt employees spend the majority of their time doing routine non-discretionary tasks.  These duties occupy more than 50% of their work time.

24.     At relevant times herein, the named PLAINTIFF and the Class Members were employed by DENFENDANTS and were paid, on information and belief, predominantly on an hourly basis.

25.     PLAINTIFF and the DEFENDANTS' employees were not paid for all hours worked, whether regular time or overtime.

26.     On information and belief, PLAINTIFF alleges that DEFENDANTS' actions as described throughout this Complaint were willful.

27.     DEFENDANTS have made it difficult to account with precision for the unlawfully withheld meal and rest period compensation owed to DEFENDANTS' non-exempt employees, including PLAINTIFF, during the liability period, because they did not implement and preserve a record-keeping method as required for non-exempt employees by California Labor Code §§ 226, 1174(d), and section 1 of the California Wage Orders.  DEFENDANT has failed to comply with Labor Code section 226(a) by accurately reporting total hours worked by PLAINTIFF and the Class Members.  PLAINTIFF and Class Members are therefore entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(b).

28.     DEFENDANTS' has failed to comply with section 1 of the California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code § 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by the Class Members.

4.     **CLASS ALLEGATIONS**

29.     PLAINTIFF brings this action on behalf of himself and all others similarly situated as a class action pursuant to California Code of Civil Procedure § 382.  PLAINTIFF seeks to represent a Class composed of and defined as:

**All persons who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees.**

Further, Plaintiff seeks to represent the following subclasses composed of and defined as follows:

(a) **Subclass 1. Overtime Subclass.** All persons who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not paid overtime for hours worked beyond eight (8) hours in a single day or for hours worked beyond 40 in a single week pursuant to <u>Labor Code</u> sections 510, 511, 1194 and 1198.

(b) **Subclass 1.1. Unpaid Wages Subclass.** All persons who are employed or have been employed by Defendants in the State of California who, within four (4) years of the filing of this Complaint, have worked as non-exempt employees and were not paid all lawful wages, including, but not limited to, all regular time and/or overtime.

(c) **Subclass 1.2. Shift Differential Overtime Subclass.** All persons who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and received shift differential pay that was not properly calculated into their regular rate of pay and accompanying overtime pay.

(d) **Subclass 3. Meal Break Subclass 1.** All persons who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and have not been provided a meal period for every five hours or major fraction thereof worked per day, and were not provided one hour's pay for each day on which such meal period was not provided pursuant to <u>Labor Code</u> section 226.7 and 512.

(e) **Subclass 3.1 Meal Break Subclass 2.** All persons who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this

-8-

CLASS ACTION COMPLAINT

class action to the present, have worked as non-exempt employees and who worked over 10 hours in a shift and did not receive a second meal period and were not provided one hour's pay for each day on which such meal period was not provided pursuant to <u>Labor Code</u> section 226.7 and 512.

(f)   **Subclass 4.   Rest Period Subclass.**   All persons who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and have not been provided a rest period for every 3.5 hours of work per day, and were not provided compensation of one hour's pay for each day on which such rest period was not provided pursuant to <u>Labor Code</u> section 226.7 and 512.

(g)   **Subclass 5. Paystub Subclass.**   All persons who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not provided an itemized statement accurately showing total hours worked, the applicable hourly rates in effect during each pay period and the corresponding hours worked at each rate pursuant to <u>Labor Code</u> section 226.

(h)   **Subclass 6.   Wage Statement Twice Monthly Subclass.**   All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not provided wages twice monthly pursuant to <u>Labor Code</u> section 204.

(i)   **Subclass 7.   Termination Pay Subclass.**   All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not provided all wages due upon termination or resignation pursuant to <u>Labor Code</u> sections 200 through 203.

(j)   **Subclass 8.   B&PC § 17200 Subclass.**   All persons who are employed or have been employed by Defendant in the State of California who, since February 2009, have worked as non-exempt employees and who were subjected to Defendant's unlawful, unfair or fraudulent business acts or practices in the form of <u>Labor Code</u> violations regarding overtime, meal

-9-

periods, rest periods, expense reimbursement or minimum wages and/or waiting time penalties.

30.     PLAINTIFF reserves the right under Rule 1855(b), California <u>Rules of Court</u>, to amend or modify the class descriptions with greater specificity or to provide further division into subclasses or limitation to particular issues.

31.     This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California <u>Code of Civil Procedure</u> because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

**A.    Numerosity**

32.     The potential members of each Class as defined are so numerous that joinder of all the members of the Class is impracticable.   PLAINTIFF estimates there are more than **100 class members**.   While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that DEFENDANTS currently employ, and during the relevant time periods employed, hundreds of employees in positions as DEFENDANTS' non-exempt employees in California, who are or have been affected by Defendants' unlawful practices as alleged herein.

33.     Employee turnover during the relevant time period will increase this number substantially.   Upon information and belief, PLAINTIFF alleges DEFENDANTS' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Classes is not practicable.

**B.    Commonality**

34.     There are questions of law and fact common to each Class predominating over any questions affecting only individual Class Members. There are also common answers demonstrating class certification is proper.   These common questions of law and fact include, without limitation:

(a)     Whether DEFENDANTS violated the <u>Labor Code</u>, the applicable IWC Wage Orders, and Cal. <u>Code Rags.</u>, Title 8, section 11000 *et seq.* by failing to pay overtime after eight (8) hours of work in one day or forty (40) hours of work in one work week;

-10-

CLASS ACTION COMPLAINT

(b) What were and are the policies, programs, practices, procedures and protocols of DEFENDANTS regarding recording of all hours worked for Class Members;

(c) What were and are the policies, programs, practices, procedures and protocols of DEFENDANTS regarding rounding of all hours worked for Class Members;

(d) Whether DEFENDANTS failed to accurately incorporate shift differentials into the regular rate of pay for overtime calculation purposes to PLAINTIFF and Class Members for hours PLAINTIFF and Class Members worked in excess of eight (8) hours per day and/or forty (40) hours per week;

(e) Whether DEFENDANTS violated Labor Code sections 226.7 and 512, section 1 of the IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et seq.* by failing to provide a meal period to non-exempt employees on days they worked work periods in excess of five hours and failing to compensate said employees one hour's wages in lieu of meal periods;

(f) Whether DEFENDANTS violated Labor Code § 226.7 and section 1 of the IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et seq.* by failing to provide daily ten-minute rest periods to non-exempt employees for every 3.5 hours of work and failing to compensate said employees one hour's wages in lieu of rest periods;

(g) Whether DEFENDANTS violated sections 226 and 1174 of the Labor Code and section 1 of the IWC Wage Orders by failing to maintain accurate records of Class Members' earned wages and work periods;

(h) Whether DEFENDANTS violated Labor Code sections 1194 by failing to compensate all employees during the relevant time period for all hours worked, whether regular or overtime;

(i) Whether DEFENDANTS are liable to pay penalties under Labor Code section 203 for failing to pay all wages upon termination of Class Members.

-11-

CLASS ACTION COMPLAINT

(j)   Whether DEFENDANTS violated section 17200 *et seq.* of the <u>Business and Professions Code</u> by failing to provide meal and rest periods without compensating non-exempt employees one hour's pay for every day such periods were not provided, failing to pay compensation for denied meal and rest periods due and owing at the time a Class Member's employment with DEFENDANTS terminated, and failing to keep accurate records;

(k)   Whether DEFENDANTS violated section 17200 *et seq.* of the <u>Business and Professions Code</u>, <u>Labor Code</u> §§ 201-203, 226.7, 512, 1174, and applicable IWC Wage Orders, which violation constitutes a violation of fundamental public policy;

(l)   Whether PLAINTIFF and the Class Members are entitled to equitable relief pursuant to <u>Business and Professions Code</u> section 17200 *et seq.;* and

(m)   Whether PLAINTIFF and the Class Members are entitled to penalties pursuant to <u>Labor Code</u> §§ 2698 and 2699, affectionately known as "PAGA penalties."

**C.   <u>Typicality</u>**

35.   The claims of the named PLAINTIFF are typical of the claims of the Class Members. Plaintiff and all members of each Class sustained injuries and damages arising out of and caused by DEFENDANTS common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D.   <u>Adequacy of Representation</u>**

36.   PLAINTIFF will fairly and adequately represent and protect the interests of the members of each Class. Counsel who represents PLAINTIFF is competent and experienced in litigating large employment class actions.

**E.   <u>Superiority of Class Action</u>**

37.   A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to each Class predominate over any questions affecting only

1 individual members of the Class. Each member of the Class has been damaged and is entitled to
2 recovery by reason of DEFENDANTS' unlawful policies and practices alleged in the Complaint.

3     38.   Class action treatment will allow those similarly situated persons to litigate their
4 claims in the manner that is most efficient and economical for the parties and the judicial system.
5 Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this
6 action that would preclude its maintenance as a class action.

7     39.   Class PLAINTIFF contemplates the eventual issuance of notice to the proposed
8 Class Members of each PLAINTIFF Classes that would set forth the subject and nature of the
9 instant action. The DEFENDANTS' own business records can be utilized for assistance in the
10 preparation and issuance of the contemplated notices. To the extent that any further notices may
11 be required, Class PLAINTIFF would contemplate the use of additional media and/or mailings.

12 **5.   DELAYED DISCOVERY**

13     40.   DEFENDANTS, as a prospective and actual employer of non-exempt, hourly
14 employees, had a special fiduciary duty to disclose to prospective PLAINTIFF Classes the true
15 facts surrounding PHILIPS ELECTRONICS NORTH AMERICA CORPORATION's and
16 PHILIP LIGHTING ELECTRONIC COMPANY's pay practices, policies and working
17 conditions imposed upon non-exempt, hourly employees, especially the refusal to pay all hours
18 worked.

19     41.   PLAINTIFF and PLAINTIFF Classes did not discover the fact that they were
20 entitled to overtime wages, meal and rest breaks until shortly before the filing of this lawsuit.
21 As a result, the applicable statutes of limitation were tolled until such time as PLAINTIFFS
22 discovered their claims.

23 <center>**FIRST CAUSE OF ACTION**</center>
24 <center>**FOR FAILURE TO PAY OVERTIME COMPENSATION**</center>
25 <center>[CALIFORNIA LABOR CODE §§ 1194 and 1198]</center>
26 <center>**(Against All Defendants)**</center>

27     42.   PLAINTIFF and the PLAINTIFF CLASSES re-allege and incorporate by
28 reference, the paragraphs previously alleged in this Complaint.

<center>-13-</center>
<center>CLASS ACTION COMPLAINT</center>

43.   Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any work day, and/or more than forty hours in any workweek, or work a seventh (7th) day in a work week unless they receive additional compensation beyond their regular wages in amounts specified by law.

44.   Labor Code § 1194 provides that an employee who has not been paid overtime compensation as required by Section 1198 may recover the unpaid balance of the full amount of such overtime compensation, together with costs of suit, as well as liquidated damages in an amount equal to the overtime compensation unlawfully withheld, and interest thereon, in a civil action. The action may be maintained directly against the employer in his name without first filing a claim with the Department of Labor Standards and Enforcement.

45.   At all times relevant hereto, IWC Wage Order No. 1-2001 applied, and applies, to PLAINTIFF'S and the CLASS employment with DEFENDANTS.

46.   At all times relevant hereto, IWC Wage Order No. 1-2001 (3)(A) provides for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over 8 hours a day and/or forty (40) hours in a work week.

47.   At all times relevant hereto, IWC Wage Order No. 1-2001 (3) (A) provides for payment of overtime wage equal to one and one-half (1 ½) times an employee's regular rate of pay for all hours worked over eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours on the seventh (7th) consecutive day of work in a work week.

48.   At all times relevant hereto, IWC Wage Order No. 1-2001 (3)(A) provides for payment of overtime wage equal to double the employee's regular rate of pay for all hours worked over twelve (12) hours in any workday, and for all hours worked over eight (8) hours on the seventh (7th) consecutive day of work in a work week.

49.   DEFENDANTS, and each of them, have intentionally and improperly rounded, changed, adjusted and/or modified certain employees' hours, including PLAINTIFF'S, that resulted in an underpayment of wages to employees over a period of time while benefiting Defendants and to avoid payment of overtime wages and other benefits in violation of California

1  Code of Regulations and the guidelines set forth by the Division of Labor Standards and

2  Enforcement.

3      50.   At all times relevant hereto, from time to time, PLAINTIFF and aggrieved

4  employees have worked more than eight (8) hours in a workday, and/or more than forty (40)

5  hours in a workweek, as employees of DEFENDANT.

6      51.   At all times relevant hereto, from time to time, PLAINTIFF and aggrieved

7  employees have worked more than twelve (12) hours in a workday, and/or more than eight (8)

8  hours on the seventh (7th) consecutive workday in a workweek.

9      52.   At all times relevant hereto, the DEFENDANTS, and each of them, failed to pay

10  to PLAINTIFF and aggrieved employees overtime compensation for the hours they have worked

11  in excess of the maximum hours permissible by law as required by Labor Code §§ 1194, 1197

12  and 1198 and the provisions of IWC order No. 1-2001, Cal. Code of Regulations Title 8 § 11010.

13      53.   By virtue of the DEFENDANTS unlawful failure to pay additional compensation

14  to Plaintiff and aggrieved employees for overtime hours, PLAINTIFF and the PLAINTIFF

15  CLASSES have suffered, and will continue to suffer, damages in amounts which are presently

16  unknown to PLAINTIFF, but which exceed the jurisdictional limits of this Court and which will

17  be ascertained according to proof at trial.

18      54.   DEFENDANT, and each of them, acted intentionally, oppressively and

19  maliciously toward Plaintiff and similarly situated non-exempt, hourly employees with a

20  conscious disregard of the PLAINTIFF CLASSES' rights, or the consequences suffered by

21  PLAINTIFF Classes, with the intent of depriving the PLAINTIFF Classes of property and legal

22  rights and otherwise causing PLAINTIFF Classes injury.

23      55.   PLAINTIFF, individually, and on behalf of members of the PLAINTIFF

24  CLASSES, request recovery of overtime compensation according to proof, interest, attorneys'

25  fees and costs pursuant to Labor Code §§ 218.5 and 1194(a), as well as the assessment of any

26  statutory penalties against these DEFENDANTS, and each of them; and any additional sums as

27  provided by the Labor Code and/or other statutes.

28

-15-