UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUEY NGUYEN, behalf of himself and on behalf of a Class of all other persons similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, an unknown business entity; PHILIPS LIGHTING ELECTRONICS COMPANY, an unknown business entity, and DOES 1 through 100, inclusive,<br><br>    Defendants . | Case No.: CV 13-2427-JFW (SSx)<br>**CLASS ACTION**<br><br>**Assigned for All Purposes to:**<br>**The Honorable John F. Walter**<br>**Courtroom: 16**<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SCHEDULING OF FINAL FAIRNESS HEARING** |

    This matter has come before the Court on the unopposed motion by Plaintiff HUEY NGUYEN ("Plaintiff"), on behalf of himself and all others similarly situated, for Preliminary Approval of a proposed class action settlement.

The Court, having considered and reviewed the documents, arguments, and evidence submitted, for good cause GRANTS the motion, and hereby FINDS and ORDERS as follows:

1. All defined terms contained herein shall have the same definitions, if any, as set forth in the Joint Stipulation and Settlement Agreement, which constitutes the Parties' settlement agreement in this matter. The Joint Stipulation and Settlement Agreement (hereinafter referred to as the "Stipulation of Settlement") is attached hereto as **Exhibit "A."**

2. The Court hereby conditionally certifies the proposed Class contained in the Stipulation of Settlement and conditionally finds that, solely for the purposes of approving this settlement and for no other purpose and with no other effect on this litigation, the proposed Class meets the requirements for certification under Federal Rules of Civil Procedure 23(a) and (e). Accordingly, for purposes of approving this Stipulation of Settlement under Rules 23(a) and 23(b)(3), the Court finds: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to members of the proposed Class; (c) certain claims of Plaintiff are typical of the claims of Class Members; (d) Plaintiff and their counsel will fairly and adequately protect the interests of the proposed Class; and (e) a class action is superior to the other available methods for an efficient resolution of this controversy in the context of Settlement. The Court therefore conditionally certifies, for settlement purposes only and pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the following class:

> **"all hourly non-exempt employees employed by Philips Electronics North America Corporation in its Philips LTI division at its facility in Baldwin Park, California during the period of March 1, 2009 through the preliminary approval date."**

3. Considering the factors set forth in *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998*)* and *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003), the Court further finds that, for purposes of preliminary approval, and considering the strength of the allegations set forth in Plaintiff's Complaint; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in the Stipulation of Settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence and/or absence of a governmental participant; and the reaction of the Class Members to the proposed Settlement, the proposed Stipulation of Settlement is fair on its face and is suitable for submission to the Class Members. The Court therefore finds on a preliminary basis that the proposed terms of the Stipulation of Settlement set forth in **Exhibit "A"** are reasonable, and grants Preliminary Approval of the proposed Stipulation of Settlement.

4. Based on a review of the papers submitted by the Parties, the Court finds that the Stipulation of Settlement is the result of arms-length negotiations conducted after class counsel had adequately investigated the claims and become familiar with the strengths and weaknesses of the claims. The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the proposed settlement is non-collusive.

5. The Court provisionally appoints HUEY NGUYEN as the class representative for settlement purposes only.

6. The Court provisionally appoints Quintilone & Associates and the Law Offices of John D. Trieu as class counsel for settlement purposes only.

7. The Court appoints ILYM as the Settlement Administrator. The Settlement Administrator will prepare final versions of the Notice Packets, incorporating into them the relevant dates and deadlines set forth in this Order

and the Stipulation of Settlement, and will carry out the duties set forth in the Stipulation of Settlement.

8. The Court concludes that the Notice Packet, and the documents included therein (the Class Notice, the Notice of Individual Weeks Worked and Credited Form, and the Request for Exclusion Form), as well as the procedure set forth in the Stipulation of Settlement for providing notice to the Class Members, by U.S. First-Class Mail, will provide the best notice practicable. There is no alternative method of notice that would be more practical or more likely to notify Class Members of the terms of the Stipulation of Settlement. The proposed Notice Packet and Notice Plan provide the best practicable notice under the facts and circumstances of this case. The Court thus finds that the notice requirements of Rule 23(e) are satisfied, and that the Notice that will be provided adequately advises Class Members of their rights under the Stipulation of Settlement. The Notice therefore meets the requirements of due process. The Notice Packet, including the Class Notice, fairly, plainly, accurately, and reasonably informs Class Members of: (a) the nature of the Action, the definition of the Class, the identity of Class Counsel, and the essential terms of the Stipulation of Settlement, including the plan of allocation; (b) Plaintiff's and Class Counsel's applications for the Class Representative's Enhancement Award, and Class Counsel's request for Attorneys' Fees and Litigation Costs; (c) how to claim a share of the proceeds under the Stipulation of Settlement, and Class Members' right to appear through counsel if they desire; (d) how to object to the Stipulation of Settlement or request exclusion if a Class Member wishes to do so; and (e) how to obtain additional information regarding the Action and the Stipulation of Settlement.

9. The Parties and Settlement Administrator are ordered to execute the settlement according to the terms of the Stipulation of Settlement and in conformity with this Order, including:

        a.    Defendants will provide the Settlement Administrator a list of all Class Members, including their last known address and telephone number, their social security number, and the Individual Weeks Worked for each Class Member within fourteen (14) calendar days of issuance of the Preliminary Approval Order.

        b.    The Class Notice, in the form attached as Exhibit A to the Stipulation of Settlement, and as approved by the Court, shall be sent by the Settlement Administrator to the Class Members, by first class mail, within fourteen (14) calendar days after receiving the Class List from Defendants. The Settlement Administrator shall mail to each Class Member a Notice Packet, including the Class Notice, Notice of Individual Weeks Worked and Credited Form, and Request for Exclusion Form. In the event of returned or non-deliverable Notice Packet, the Settlement Administrator will make reasonable efforts to locate Class Members and re-send the Notice Packet.

        c.    Class Members will have thirty (30) calendar days from the date the Notice Packets are mailed by the Settlement Administrator to review their Individual Weeks Worked and Credited Forms, Request for Exclusion Forms, and/or objections, as set forth in the Stipulation of Settlement. The Parties and Settlement Administrator shall accept and administer objections and requests for exclusion according to the Stipulation of Settlement.

10.    The Court will conduct a Final Approval hearing on **January 27, 2014 at 1:30 p.m.**, to determine: (i) whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; (ii) the amount of Attorneys' Fees and Costs that should be awarded to Class Counsel; and (iii) the

amount of the Enhancement Award that the Class Representative should receive. The Court reserves the right to adjust the date of the Final Approval hearing and related deadlines without further notice to the Class Members. Plaintiff's Motion for Final Approval of the Settlement, and Class Counsel's motion for an award of attorneys' fees and costs, shall be filed and heard on or before the final approval hearing.

11.  Any member of the Class who intends to object to final approval of the Settlement or Class Counsel's Fee Application must file an objection and/or appear before the Court within thirty (30) calendar days following the mailing of the Notice Packets and in the form and manner set forth in the Stipulation of Settlement.

12.  In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Joint Stipulation and Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Stipulation of Settlement. The Court's findings are for purposes of certifying a settlement class and to settle the matter and will not have any claim or issue preclusion or estoppel effect in any other action against Defendants, or in this action if the Settlement is not finally approved.

**IT IS SO ORDERED**, this 28th day of October, 2013

_____
THE HONORABLE JOHN F. WALTER,
JUDGE OF THE U.S. DISTRICT COURT,
CENTRAL DISTRICT OF CALIFORNIA